■ In the Matter of TOMASA Z., a Child Alleged to be Neglected. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JULIE Z., Appellant. (Proceeding No. 1.) In the Matter of TOMASA Z., a Child Alleged to be Neglected. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; PEDRO Z., Appellant. (Proceeding No. 2.) [909 NYS2d 182]—

Cardona, P.J. Appeals from three orders of the Family Court of Clinton County (Lawliss, J.), entered October 27, 2009 and November 13, 2009, which, among other things, granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 10, to adjudicate respondents' child to be neglected.

Respondent Julie Z. (hereinafter the mother) and respondent Pedro Z. (hereinafter the father) are the parents of a daughter (born in 2009), who is the subject of these proceedings. Two days after the infant's birth, petitioner removed her from the parents' custody pursuant to Family Ct Act § 1024 and secured a temporary removal order placing her in the custody of petitioner. Thereafter, petitioner commenced these separate proceedings against the parents pursuant to Family Ct Act article 10, alleging that the infant was in imminent danger of being neglected as a result of the parents' inability to exercise a minimum degree of care for the child. Following fact-finding and dispositional hearings, Family Court adjudicated the infant to be neglected and ordered that she remain in the custody of petitioner. These appeals by the parents ensued.

A party seeking to establish neglect must demonstrate, by a preponderance of the evidence, that the child's "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent . . . to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship" (Family Ct Act § 1012 [f] [i] [B]; *see Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]). Here, the record establishes that

the mother, who is mildly mentally retarded, is limited in her cognitive abilities and suffers from, among other things, a seizure disorder, which causes her to become unaware of her surroundings. Various caseworkers testified regarding their observations of the mother and expressed concerns over her inability to sufficiently attend to her own basic needs, including personal hygiene, taking her medication, food preparation and housekeeping. Testimony also established instances wherein arguments between the parents escalated into domestic violence. Despite taking advantage of available services and being receptive to and cooperative with the parenting programs offered, the mother stated to a caseworker that she was not ready to take the infant home and that she did not know what to do with her. Moreover, her testimony demonstrated her severely limited understanding of basic parenting concepts with regard to an infant.

Turning to the father, he admitted during his testimony that there was domestic violence in the couple's relationship. Moreover, the father was reluctant to acknowledge that the mother suffered any limitations other than her seizure disorder. The caseworkers testified that the father expressed his intention to return to work and leave the infant alone with the mother. Furthermore, the father testified to his belief that the mother was capable of adequately caring for the infant. According to his testimony, daycare was required only if the mother continued to have seizures, which he stated she had not experienced in months. In addition, the father's testimony that he would be able to catch the infant if the mother suffered a seizure further demonstrates his limited insight into the nature of the mother's condition and its potential effects on the proper care and supervision of the infant.

In view of the foregoing, and according deference to Family Court's findings of fact and assessment of credibility (*see Matter of Elijah NN.*, 66 AD3d 1157, 1160 [2009], *lv denied* 13 NY3d 715 [2010]), there is a sound and substantial basis in the record to support the court's finding that the infant was in imminent risk of impairment due to the parents' inability to provide a minimal degree of care in providing proper supervision of the infant (*see id.*; *Matter of Lashina P.*, 52 AD3d 293, 294 [2008]).

We have reviewed the parents' remaining contentions and find them to be without merit.

Mercure, Spain, Lahtinen and Garry, JJ., concur. Ordered that the orders are affirmed, without costs.